AARON D. FORD
  Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAMSEY RHONDA,<br><br>            Plaintiff,<br><br> v.<br><br>NAJERA, *et al.*,<br><br>            Defendants. | Case No. 2:24-cv-02364-CDS-MDC<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**<br><br>**[FIRST REQUEST]** |

Defendants, Gabriela Najera, Jennifer Nash, and Maria Raines, and William Reubart, hereby request an extension of time to file his responsive pleading to the Complaint, ECF No. 7. This is Defendant's first requested extension of the subject deadline.

## MEMORANDUM OF POINTS AND AUTHORITY

**I.   APPLICABLE LAW**

Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time . . . with or without motion or notice . . . if a request is made, before the original time or its extension expires," or "on motion made after the time has expired if the party failed to act because of excusable neglect."

To demonstrate good cause, the party seeking modification must show "that, even in the exercise of due diligence, [the party was] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

## II.  ARGUMENT

Defendants seek an extension of time to file their responsive pleading to the operative Complaint, ECF No. 7. Pursuant to ECF No. 12, the deadline to file a response to the Complaint is September 29, 2025. Good cause is present to extend this deadline until October 29, 2025.

On August 24, 2025, the State of Nevada's computer systems suffered a large-scale cyberattack. This attack resulted in all computer systems being taken offline, including the Office of the Attorney General's case management systems. These systems were not fully restored until September 26, 2025, which prevented counsel from drafting and timely filing a responsive pleading to the operative Complaint. In addition, undersigned counsel has several upcoming deadlines, many of them previously extended due to the outage, which will prevent counsel from drafting and filing a responsive pleading within the next few weeks. A lengthier extension is requested to obviate the need for several smaller extensions.

A thirty (30) day extension to October 29, 2025, will allow undersigned counsel adequate time to finalize Defendants' responsive pleading. Plaintiff will likely not be prejudiced by this extension.

Accordingly, Defendants respectfully request that this extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

## III.  CONCLUSION

Good cause exists for an extension of the deadline to respond to the Complaint. This is the first request presented by Defendants seeking an extension of the deadline. There

1 | will be no prejudice to the Plaintiff in granting a thirty-day extension of time until October
2 | 29, 2025.
3 |     DATED this 29th day of September, 2025.

AARON D. FORD
Attorney General

By: /s/ Samuel L. Pezone Jr.
SAMUEL L. PEZONE JR. (Bar No. 15978)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. No one filed an opposition and the time to do so has passed. The opposing party has thus consented.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 10-16-25

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 29th, 2025, I electronically filed the foregoing **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT [FIRST REQUEST]** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by mailing a copy at Las Vegas, Nevada, addressed to the following:

    Rhonda Ramsey #1275100
    559 S. Taylor
    Decatur, IL 62522
    *Plaintiff, Pro Se*

    /s/ Andrea Beckett
    ANDREA BECKETT, an employee of the
    Office of the Nevada Attorney General